BENJAMIN POYDRAS DE LALLANDE et als. *v.* FRANCOISE POYDRAS DE LAL-
LANDE et als.

The rule, " Quæ temporalia sunt ad agendum perpetua ad excipiendum," applied in answer to the
plea of prescription set up by co-proprietors.

APPEAL from the District Court of the Parish of Pointe Coupée, *Farrar*, J.
L. *Jannin*, for plaintiff. *Micou & Provosty*, for defendant and appellant.

OGDEN, J. The plaintiffs and the defendants were joint owners of the Chenal
plantation, purchased in 1825 at the succession sale of *Julien Poydras*. *Julien
Poydras* constituted his nephews and nieces, twelve in number, the universal
legatees of his immense estate. The defendants were his nieces, five in num-
ber; and the plaintiff, *Benjamin Poydras*, was a nephew, and the brother of
the defendants. The plantation in question was adjudicated to *Benjamin Poy-
dras* and his five sisters for $50,000, payable in five annual instalments. *Guy
Richard*, who was a cousin of *Benjamin Poydras* and his sisters, became inter-
ested in the purchase of the plantation, for an equal share, so that each owned
an interest of one seventh, and were all equally bound for the payment of the
price. *Benjamin Poydras* held the power of attorney of his five sisters, defend-
ants in this suit, and of the other heirs residing in France; and in his own right,
and as agent of his co-heirs, he received possession from the executors, of the
whole succession of his uncle, including the notes given by himself and his sis-
ters for the price of the Chenal plantation.

This suit was instituted in 1848 by *Benjamin Poydras* and the representa-
tives of *Guy Richard*, to effect a partition of the property, and by consent of
parties a sale was decreed for that purpose.

The defendants having, by a demand in reconvention, obtained an account
from *Benjamin Poydras* of profits and revenues of the property from the time
of the purchase in 1825 until the sale in 1829, filed an opposition to the ac-
count, and have taken this appeal from a judgment rendered thereon. The
appellants have complained, in this court, of error in the judgment appealed
from, only as regards four items of their opposition.

The first item is the charge which *Benjamin Poydras* has made of the price
of the plantation, as paid by him in four annual instalments, with the interest
accumulated thereon. The grounds of objection to this charge are, that the
price of the property is not a proper item in the account of the revenues, and
that the demand is barred by prescription. The notes which *Benjamin Poy-
dras* and his sisters had executed for the price of the plantation were surren-
dered up to him as the agent of all the heirs of *Julien Poydras*. The estate
was a very large one, and these notes constituted but a small portion of the
assets realized by the sale of the property, of which *Benjamin Poydras* owed
an account as agent not only for his sisters, who had joined him in this purchase,
but to the other heirs, all of whom resided in France. In 1844, *Benjamin Poy-
dras* rendered an account of his agency to his co-legatees, in a suit before a tri-
bunal in France, to which all the heirs were parties, and in that account debited
himself with $50,000, as the price of the Chenal plantation. As only five out
of eleven of his co-heirs were interested in the settlement of his accounts of the
Chenal plantation, and the representatives of *Guy Richard*, as owning one-se-

venth of that plantation, were also necessary parties,—the rights of those heirs <span style="float:right">DE LALLANDE<br>*v.*<br>DE LALLANDE.</span>
having a separate interest growing out of the purchase by them jointly of that
particular plantation, and of its administration by *Benjamin Poydras*, were ex-
pressly reserved for future settlement in Louisiana, where the property was situ-
ated.  It was necessary, however, that the price of the Chenal plantation should
be embraced in the general account which was the subject of litigation in the
suit to which all the heirs were parties in France, and, with the above reserva-
tion, the price was accounted for in the settlement.  After a very protracted
litigation, and after the death of *Benjamin Poydras*, a final judgment was ren-
dered by the Court of Appeals at Rennes, establishing a large amount to be due
to *Benjamin Poydras* by his co-legatees.  As the defendants in this suit them-
selves owed five-sevenths of the price of the Chenal plantation, which was thus
accounted for by *Benjamin Poydras* in his general settlement with all the heirs,
the defendants must be considered as having received their portion of the price
of the Chenal plantation.  And, in accounting for the revenues of the plantation,
*Benjamin Poydras* had the right to compensate the claim of his sisters for the
revenues by their portion of the price of the plantation, for which he made him-
self responsible when he accepted a surrender from the executors of the whole
estate of his uncle, to himself, as agent of all the heirs.

The maxim, " *Quæ temporalia sunt ad agendum perpetua sunt ad excipien-
dum,*" would under such circumstances prevent his co-proprietors from availing
themselves of prescription.  Nichols *v.* Hanse & Hepp, 2 L. R. 385; Delahousaye
*v.* Dumartrait, 16 L. R. 91.  He had the same right to reimburse himself out of
the revenues of the plantation for the price of it, for which he made himself
responsible and subsequently accounted, as if the notes had in fact been taken
up by him at maturity.  When one partner, who has the management of the
partnership property, pays an obligation for which all the partners are equally
bound, he has a right, in settlement of accounts with his co-partners, to credit
himself with such payment, and prescription cannot run as long as the account
of his administration is unsettled.

The appellees have argued that there was nothing to prevent *Benjamin Poy-
dras* from suing his co-partners for their portion of the price, and that the
maxim, "*Contra non valentem agere non currit prescriptio,*" does not, therefore,
apply.  It may be conceded that the rule which is generally recognized, that
no action will lie by one partner against another, except for a final settlement,
would not have been applicable to prevent *Benjamin Poydras* from bringing a
suit in such a case as this.  We consider, however, that the plea of prescrip-
tion cannot be maintained on account of the relation between the parties, which
made it equitable and just that their mutual claims should be brought into a
general settlement of the partnership accounts, and which it must be presumed
was their intention by their postponing a settlement for so long a period.  The
plea of prescription cannot therefore avail the defendants, who were properly
charged in the settlement with their proportion of the whole price debited to
*Benjamin Poydras*, in the account rendered by him to all the heirs in France.

2. The charge for extra services allowed to *Stephen Vanwickle*, who was
left in charge of the plantation as agent, forms the next ground of opposition,
concerning which, error in the judgment appealed from is complained of.  This
presents only a question of fact; and, after examining the evidence, we are not
satisfied that the allowance of $1804, for extra services, was unreasonable.  It
became necessary during *Vanwickle's* administration to make a great many

improvements which required the employment and superintendence of numerous mechanics ; and, considering the nature and amount of services rendered by him during the absence from the country of all of the proprietors, the objection to this charge does not seem well founded.

3. The opposition to the item in the account for amount paid to *Vanwickle* for the costs and expenses, and a fine imposed on him for an assault and battery, committed while searching for runaway negroes belonging to the plantation, we think, ought to have been sustained. This did not constitute a proper charge against the proprietors of the plantation ; it was an act of liberality on the part of *Benjamin Poydras* to allow it—but, as his co-partners have objected to it, he is not entitled to be credited with the amount thus paid.

4. The fourth and last objection made to allowing the heirs of *Guy Richard* a proportion of the price of the property, on account of the two co-parts first embraced in the sale, which belonged to them separately, and also rent for the same, was, in our opinion, properly overruled. The evidence shows that by an oversight, this land was sold with the rest of the plantation which was common property. There is no question as to the title, and the only mode of correcting the error, as the heirs of *Richard* were willing to ratify the sale, was to make an equitable partition of the proceeds of the sale, which seems to have been done; and for the use of their land by the partnership, they were entitled to rent.

It is, therefore, ordered and adjudged that the judgment of the court below be avoided as regards the twelfth item of the opposition to *Benjamin Poydras'* accounts for the amount of three hundred dollars paid to *Stephen Vanwickle*, and that the opposition to that charge be sustained. It is further ordered and decreed that the judgment of the court below, in all other respects, be affirmed, and that the appellees pay the costs of this appeal.

SPOFFORD, J., did not sit in this case.