93 So.2d 292 (1957)
Hazel TERRILL
v.
ICT INSURANCE CO. et al.
No. 4354.
Court of Appeal of Louisiana, First Circuit.
February 4, 1957.
Rehearing Denied March 25, 1957.
*293 H. Alva Brumfield, Baton Rouge, Alfred R. Ryder, Oberlin, for appellant.
T. C. McLure, Jr., Alexandria, Alva Jones, Oakdale, for appellees.
LOTTINGER, Judge.
This is a suit for damages resulting from an intersectional collision between an automobile driven by petitioner's son, in which petitioner was a passenger and a truck driven by David F. Monk. The defendants are ICT Insurance Co., the liability insurer of the vehicle in which petitioner was riding, David F. Monk, the operator of the other vehicle, the City of Oakdale, Louisiana and Central Louisiana Electric Company. The last two named defendants were joined in to the suit by virtue of the fact that petitioner claims that "the traffic signal light at said intersection was not operating and showed neither red nor green as the car driven by young Terrill approached the intersection." Plaintiff further alleges as follows:

*294 "7.
"That the automobile in which petitioner was riding as a guest passenger proceeded into said intersection, at which time David F. Monk, who was traveling in an easterly direction on 7th street, drove his 1949 Ford Pickup truck into the intersection directly in front of the car owned by James E. Terrill and driven by his son."

"8.
"That the collision between the two vehicles above referred to was due to the contributing and concurrent negligence of John E. Terrill, David F. Monk, the City of Oakdale and the Central Louisiana Electric Company, Inc."

"11.
"That both the City of Oakdale and Central Louisiana Electric Company, Inc., were grossly negligent in that they and each of them failed to properly install and failed to maintain and keep in repair and operating order an effective traffic signal light at an inherently dangerous intersection which necessarily required an effective signal light that was in proper operating condition."

"12.
"That both the City of Oakdale and the Central Louisiana Electric Company, Inc., were further grossly negligent in that they and each of them failed to properly inspect and service said traffic signal light in order to assure its proper operation at all times."

"13.
"That pursuant to and in conformity with Ordinance No. 470 of the City of Oakdale, Louisiana, together with Ordinance No. 692 amending and re-enacting Section `8' of Ordinance 470, and the agreement between the City of Oakdale and the Louisiana Public Utilities Company, Inc., and its successor corporation, Central Louisiana Electric Company, Inc.; it was the duty and responsibility of Central Louisiana Electric Company, Inc., to erect and maintain during the existence of its franchise, all signal traffic lights in the City of Oakdale."
The City of Oakdale filed an exception of no cause or right of action. The Central Louisiana Electric Company first filed an exception to the citation and, after corrective measures had been taken, similarly filed an exception of no cause or right of action. After hearing the exception the Lower Court sustained said exceptions on behalf of both the City of Oakdale and the Central Louisiana Electric Company. The petitioner has taken this appeal.
The Lower Court correctly maintained the exception of the City of Oakdale under the theory that the erection and maintenance of traffic lights is a governmental function as distinguished from a propriatory function, and a municipality cannot be held accountable or liable for any damages resulting therefrom. This theory has been maintained in Floyes, for Use and Benefit of Floyes v. City of Monroe, La. App., 194 So. 102; Howard v. City of New Orleans, 159 La. 443, 105 So. 443; Prunty v. City of Shreveport, 223 La. 475, 66 So. 2d 3, as well as many other cases. See also Tolliver v. City of Newark, 145 Ohio St. 517, 62 N.E.2d 357, 161 A.L.R. 1391; Auslander v. City of St. Louis, 332 Mo. 145, 56 S.W.2d 778; Kirk v. City of Muskogee, 183 Okl. 536, 83 P.2d 594.
Central Louisiana Electric Company was joined as a defendant by virtue of Ordinance No. 470, and the amending Ordinance No. 692 of the City of Oakdale which provide in substance that the Central Louisiana Electric Company shall furnish and install at its own expense, all lamp renewals for traffic signals. There is nothing in the ordinance to indicate whether the city or the Power Company is to make inspection to determine when replacements should be made.
*295 The Lower Court also maintained the exception of the Central Louisiana Electric Company under the theory that as the city could not assume liability for the operation or non-operation of the traffic signals, she could not hire others to do it for her. In other words, our appreciation of the Lower Court's holding is to the effect that because the city was not responsible for the faulty operation of a governmental function, this same defense is available to the Power Company. The Lower Court based its holding on Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980, 68 L.R.A. 650.
We feel that the said defense of not being liable for damages resulting from a governmental function is a personal defense and may be asserted only by the city itself. This defense is not available to the Power Company and we feel that the Lower Court erred in so holding. That the defense of immunity is personal to the city was held in Rome v. London & Lancashire Indemnity Co., La.App., 156 So. 64; Id., La.App., 169 So. 132.
We feel that the petition shows clearly that the damage resulting to petitioner were not proximately caused by the failure or defect of the traffic light. It is generally recognized by all legal authorities that a party is not responsible for his negligence unless it is the proximate cause of the accident. It is generally held that for an act to be the proximate cause of an injury it must appear that the injury was the direct result of the negligence and that there was no independent intervening act of a third person which caused the injury to occur. As is stated in 65 C.J.S., Negligence, § 111 d:
"A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made, possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though the injury would not have occurred but for such condition or occasion."
In Green v. State of Louisiana Through Department of Institutions, La.App., 91 So. 2d 153, 155, we held as follows:
"For the breach of the duty to be a proximate cause of the injury for which recovery is sought, the injury received should be one for the prevention of which the duty exists."
We do not feel that the failure of the light constituted a proximate cause of the accident. As petitioner's vehicle approached the intersection, the driver thereof noticed that the light was not working in his direction. It may be that the light had been turned off, or it could be that the light bulb facing petitioner's vehicle burnt out. Be that as it may, upon noticing the non-operation of the light it became incumbent upon the driver to exercise precaution before entering the intersection. The proximate cause of the accident was obviously the failure of one or both of the drivers to exercise precaution, and the failure of the traffic light at most was a remote cause of the accident. We feel that the Lower Court should have based its decision upon this ground, however, its action in dismissing the suit against the Power Company was correct.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by the petitioner.
Judgment affirmed.