FRUGÉ, Judge.
This suit arose out of an intersectional collision in Lake Charles, Louisiana. In his reasons for judgment, the trial judge found that the plaintiff was free from negligence, but also found that the defendant’s assured was free of negligence. The plaintiffs have appealed from a judgment dismissing their suit.
The essential facts of this suit are not disputed. This suit arose out of a collision at the intersection of Shattuck and Mill Streets in the City of Lake Charles, Louisiana. This intersection is controlled by a three way (red, amber and green) traffic light. Immediately prior to the accident, plaintiff was traveling in a southerly direction on Shattuck Street (North of the intersection of Mill Street), while at the same time, defendant’s assured was traveling in an easterly direction on Mill Street (West of its intersection with Shattuck *751 Street). The two vehicles could not see each other well because of a tall growth of hedges along the North side of Mill Street. As plaintiff entered the intersection, the traffic light was green for traffic traveling in his direction. At the same time, defendant’s assured entered the intersection while the red traffic light for traffic traveling in his direction was not working, and an accident resulted, causing damage totaling $517.98 to the vehicle of F. L. Richey.
The issue and point of law involved is the relative duties of two motorists converging at an intersection where the traffic light is green fo.r one of the motorists and the traffic light is not working for the other motorist.
Concerning any possible contributory negligence on the part of plaintiff, the trial judge correctly found that he was guilty of no negligence whatever. In the case of Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, the Supreme Court stated the law of Louisiana to be as follows:
“ * * * [I]t also can not be disputed that under the traffic light system a motorist, who is proceeding on a proper signal, should not be held to the same degree of care and vigilance as if no such system prevailed. He has the right to assume that the signals are understood and will be observed and he is not required to anticipate that pedestrians or other motorists will, in violation of law, enter a crossing on a wrong signal. The danger at such crossing is less than if there were no such signals and therefore less care is exacted. * * * The Court [Second Circuit Court of Appeal] also cited its own opinion previously rendered in Roll Osborn & Sons v. Howatt, La. App., 167 So. 466, where an intersec-tional collision occurred between an automobile proceeding on a green light and an ambulance running against a red light. In that case the Court held that the driver of the ambulance and not the driver of the automobile was guilty of negligence. In rendering its decision the Court stated that the driver of the automobile looked ahead and that the green light was in his favor; that he had no reason to anticipate the approach of the ambulance, and was not delinquent in his failure to see and hear that which he was not legally required to anticipate.”
In Janice v. Whitley, La.App., 111 So.2d 852, the court stated the law as follows:
“The driver with the right of way is ordinarily entitled to proceed toward and into an intersection upon the assumption that inferior traffic will respect his superior right to proceed, Steele for Use and Benefit of [Steele] v. State Farm Mutual Ins. Co., 235 La. 564, 105 So.2d 222, Stevens v. Delanoix, La.App. 1 Cir., 96 So.2d 844, Guillory v. Frank, La.App. 1 Cir., 95 So.2d 197, certiorari denied, Commercial Credit Corp. v. Serpas, La.App. 1 Cir., 94 So.2d 83, unless he should reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection, Starnes v. Mury, La.App. 1 Cir., 90 So.2d 901, Miller v. Abshire, La.App. 1 Cir., 68 So.2d 143, Droddy v. Southern Bus Lines, La.App. 1 Cir., 26 So.2d 761.
“This court has repeatedly held that when both drivers are approaching the intersection at normal speeds 'the driver with the superior right of way is entitled to proceed into the intersection and will be held free of negligence in an ensuing collision, since he is not called upon to anticipate that the other vehicle will fail to respect his own right of way, nor is he put on notice in the absence of the other vehicle’s excessive speed or other circumstance reasonably perceived in time to avoid the accident that the other vehicle will enter the intersection in violation of the favored driver’s right to enter same,’ Johnson v. Southern Bell Tele *752 phone & Telegraph Company, La.App. 1 Cir., 106 So.2d 22 at page 25.”
Regarding the negligence of the defendant’s assured, he stated on cross examination that he made no attempt to see if the light was working for traffic traveling on Shattuck Street (Tr. 19). On direct examination, defendant’s assured said he looked at the light as he approached the intersection, but thought it to be green. (TR. 23). He didn’t know whether it was green, but only knew it wasn’t red. (Tr. 23).
Nearly the same issue of law was involved in the case of Kientz v. Charles Dennery, Inc., supra; in that case, the vehicle in which plaintiff was riding went into an intersection when the traffic light was defective in that the red or “stop” signal was not showing for traffic traveling in defendant’s direction. An intersectional collision occurred when a truck driven by defendant went into this intersection when the traffic light was green for traffic traveling in defendant’s direction. Inasmuch as the plaintiff in this case was a guest passenger, and consequently the question of contributory negligence was not at issue, this case is cited to establish negligence on the part of defendant’s assured. Relative to the negligence of the driver who went through the intersection with the defective traffic light for traffic traveling in his direction, the court stated:
“The record discloses, and in fact it is not seriously disputed, that Mr. Kientz was guilty of negligence, but his negligence can not be imputed to plaintiff, his wife. And if the negligence of defendant’s driver contributed to the accident, she is entitled to a recovery against defendant.”
Defendant’s assured was negligent in entering this blind intersection, not having the right of way, without first determining whether he could proceed with safety. Even, if there were no traffic signal con-trollia'g the- intersection,'. it;would be á. redeless act to enter this blind intersection without determining whether he could do so with safety. True, to stop and be safe in this instance may have been inconvenient, and perhaps would have delayed his schedule, but this act of inconvenience is the sole act which would have avoided this collision, and his failure to have so acted is an act of negligence and the proximate cause of the accident.
For the reasons stated herein, the judgment of the trial court is reversed and set aside, and judgment is rendered as follows:
ORDERED, ADJUDGED and DECREED that there be judgment herein against defendant, Marquette Casualty Company, and in favor of plaintiff, F. L. Richey in the sum of ONE HUNDRED ($100.00) DOLLARS, and in favor of plaintiff, Ohio Casualty Insurance Company in the sum of FOUR HUNDRED and SEVENTEEN and 98/100ths ($417.98) DOLLARS, all with legal interest from the date of judicial demand; defendant to pay all costs.
Reversed and rendered.