HARDY, Judge.
This is a suit by plaintiff husband, individually and as Natural Guardian of his minor daughter, Marilyn, and by plaintiff wife, who seek recovery for damages to property and person resulting from an auto *24 mobile accident. Named as defendants were Joe E. Cupit, owner of a car driven by his wife, and his insurer, Commercial Union Insurance Company of New York. From judgment rejecting plaintiffs’ demands they have appealed.
The accident which gave rise to this action occurred in the Village of Sterlington, Ouachita Parish. The plaintiff, Hadley, was driving his car east on Louisiana Highway 2 and Mrs. Cupit was driving north on Louisiana Highway 553. The collision occurred at the intersection of the two highways which was controlled by an electric semaphore signal light. At the time of the accident the operation of the signal was defective and the lights were not operating in the direction to the west from which plaintiff, Hadley, was approaching. Plaintiff testified that before entering the intersection he had noticed a car some distance away that was approaching the intersection from his right; that he “assumed” he had the right-of-way and further “assumed” that he could clear the intersection before the entry of the approaching vehicle. Mrs. Cupit testified that she approached the intersection and entered the same in response to the green light in her direction and without noticing the Hadley automobile. The collision occurred almost in the center of the intersection.
On behalf of plaintiffs it is argued that the Hadley car had preempted the intersection and had almost completed its crossing when struck by the Cupit vehicle; that Hadley was free from negligence, as he observed the approach of the Cupit car and thought it was going to stop; finally, that, even if Hadley was guilty of contributory negligence, the doctrine of last clear chance should be applied.
In written reasons for judgment the district judge found that the operation of the trafile light was faulty, there being no signal of any kind from the direction in which Hadley approached; that Mrs. Cupit entered the intersection on a green light and that both drivers were traveling at moderate rates of speed. With these findings we are in complete accord.
The trial judge also found, as established facts, that in addition to the right-of-way accorded by the green signal light, Mrs. Cupit had observed the car driven by one Woodrow Harper headed in a westerly direction on Highway 2 stopped at the intersection, which action she presumed was in obedience to a red light; that although Mrs. Cupit testified that she did not observe the approach of the Hadley vehicle, she must have made such observation because the physical evidence disclosed that she had applied her brakes and skidded approximately seventeen feet up to the point of impact.
It is clear that Mrs. Cupit enjoyed the right-of-way accorded by the green signal light. It is further worthy of note that she benefited from the statutory right of way accorded under LSA-R.S. 32:237, subd. (a) as she was approaching the intersection from plaintiff’s right.
We have not encountered the slightest difficulty in reaching a conclusion that Mrs. Cupit was entirely free from negligence; Henderson v. Travelers Indemnity Co. (La.App. 2nd Circuit, 1963), 158 So.2d 365; Williamson v. Stephens (La.App.2nd Circuit, 1962), 140 So.2d 743, and cases cited therein.
The sole and proximate cause of the accident was due to the negligence of plaintiff, Hadley, in entering an intersection in the path of an approaching vehicle which had the right-of-way, and in failing to make proper observation and taking the reasonable precautions which were indicated under the existing conditions.
Counsel strongly urges that Hadley preempted the intersection. It is well established, by a long line of recent cases, that preemption of an intersection does not consist merely of first entry therein but such entry must be accomplished after the exercise of proper precautions and after it has become evident that the inter *25 section may be safely traversed without interference with or delay of traffic from the cross direction; Mentel v. Boston Insurance Company (La.App., 4th Circuit, 1962), 144 So.2d 441, and authorities therein cited.
Alternatively, the doctrine of last clear chance is urged on behalf of plaintiff. Under the established facts it is obvious that the doctrine has no application, and it is further conclusively established that Mrs. Cupit could not have avoided the collision at the time the occurrence became apparent. Accepting the speed of the Cupit vehicle as being 20 miles per hour, and taking into consideration the skidmarks measuring 17 feet, it is evident that Mrs. Cupit must have become aware of the danger of a collision at a time when her vehicle was some 40 feet, more or less, distant from the point of impact and her action in applying the brakes, though unavailing, was the only effort that could be reasonably expected
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.