168 So.2d 449 (1964)
Hewitt VIDRINE et ux., Plaintiffs-Appellees,
v.
GENERAL FIRE AND CASUALTY COMPANY, Defendant-Appellant,
Clarence ARDOIN and Bernice Ardoin, Third-Party Defendants-Appellees.
No. 1231.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
*450 Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendant-appellant.
Daniel J. McGee, Mamou, for third-party defendants-appellees.
Fruge & Foret, by J. Burton Foret, Ville Platte, for plaintiff-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
This is a tort suit. The defendant-appellant appeals from the award of damages to the plaintiffs. A principal issue is whether any negligence on the part of the defendant's insured constituted a proximate cause of the accident which caused the plaintiffs' damages.
*451 Mrs. Vidrine, a plaintiff herein, was involved in an intersectional collision while driving an automobile within the City of Ville Platte. She alleges that the proximate cause of the accident was the negligence of this municipality in failing to repair a defective traffic-light signal at the intersection. She sues the municipality's liability insurer for her personal injuries resulting from the accident.
Her husband joins her as co-plaintiff. He sues individually to recover community damages. A minor daughter of the marriage was riding in the car as a passenger, and the husband also sues, as administrator of her estate, to recover on her behalf for her personal injuries.
The other vehicle involved in the accident was driven by Mrs. Clarence Ardoin. In a companion suit, the husband of Mrs. Ardoin likewise sues the municipality's insurer to recover for community damages resulting from the accident. The defendant appeals from judgment against it. The companion suit was consolidated for hearing with the present appeal and is decided this same date. 168 So.2d 455.
Facts.
The preponderance of the evidence proves the following facts, as found by the trial court:
The accident took place at the intersection of LaSalle and Latour Streets in Ville Platte. Entry into this intersection is normally regulated by a four-sided, three-phase (red-amber-green) traffic semaphore signal.
At the time of the accident, the traffic signals facing LaSalle Street traffic were inoperative, the light bulbs being burned out; but the signals facing Latour Street were still in order. This condition had existed for at least two days and had been reported to the appropriate municipal authorities twice during that period, the first time two days before the accident. The defect in the operation of the traffic lights was not cured until the bulbs were changed shortly after the present accident.
Mrs. Vidrine approached the intersection on LaSalle Street travelling eastward. She saw that the traffic-light was dead, and she assumed that the traffic signal at the intersection had been disconnected. She entered the intersection at a slow speed, although without stopping, assuming that LaSalle Street traffic had the right of way, since it was a through street except at corners at which traffic signals were situated. The side of her car was struck immediately after she entered the intersection.
Mrs. Ardoin was approaching the intersection, travelling southward on Latour Street. The traffic signal facing her showed the light as green. Mrs. Ardoin did not know that the traffic signal was not functioning insofar as LaSalle Street traffic. She proceeded to enter the intersection, colliding with Mrs. Vidrine's automobile immediately after doing so.
Neither driver could see the other until after entering the intersection, because the trees and shrubbery on the northwest corner made it a blind corner insofar as traffic approaching from the directing of the other.
Negligence of the Drivers.
Mrs. Ardoin, plaintiff in the companion suit, was clearly free of negligence in entering the intersection. The signal light facing her showed green, and she was entitled to rely upon it as giving her the right of way to enter the intersection in reliance thereupon. Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292; Hadley v. Commercial Union Insurance Co., La.App. 2 Cir., 165 So.2d 23; Ohio Casualty Insurance Co. v. Marquette Casualty Co., La.App. 3 Cir., 140 So.2d 750. She was not required to anticipate that other motorists would enter the intersection in degrogation of her own right to do so in reliance upon the green signal facing her. Youngblood v. Robison, 239 La. 338, 118 So.2d 431.
*452 However, as to Mrs. Vidrine, plaintiff in the present suit, the evidence shows that she entered the intersection in the face of a traffic signal which she knew to be nonfunctioning. As recently clarified by the Supreme Court, in Soprano v. State Farm Mutual Automobile Ins. Co., 246 La. 524, 165 So.2d 308, 312: "A non-functioning, four-sided semaphore signal device at an intersection in plain view of an ordinary observant motorist imposes a duty of extreme caution on any motorist approaching or entering that intersection. To enter such an intersection without slowing down or stopping to ascertain whether the crossing can be negotiated in safety is imprudent and constitutes negligence in legal contemplation." But see: Annotation, Arterial Highway, etc., 74 A.L.R.2d 242, 275 (Section 5, Defective or Inoperative Traffic Lights); 8 Am.Jur.2d "Automobiles", etc., Section 744 (p. 302).
Thus, as was the driver in the Soprano case, Mrs. Vidrine was negligent for not stopping to ascertain that the way was clear before entering the intersection, and in entering same in the immediate path of Mrs. Ardoin's vehicle, which had the superior right to proceed through the intersection.

Imputation of the Driver's Negligence.
In addition, the negligence of Mrs. Vidrine is imputed to her husband, the co-plaintiff in this suit, insofar as he claims damages individually. The negligence of a wife while driving a car on a community mission is imputed to her husband, the head and master of the community. Vail v. Spampinato, 238 La. 259, 115 So.2d 343, Dowden v. Hartford Accident and Indemnity Co., La.App. 3 Cir., 151 So.2d 697. Proof that the wife was driving a family car with the express or implied consent of her husband sufficiently shows that the wife was engaged on a community mission at the time of an accident; upon such proof, the burden is then on the husband to prove the contrary. See: Martin v. Brown, 240 La. 674, 124 So.2d 904, Noted, 21 La.L.Rev. 647 (1961) and earlier jurisprudence to such effect cited therein.
The evidence shows that the family automobile had been left with Mrs. Vidrine for her use while the husband was at work and that, at the time of the accident, Mrs. Vidrine was returning with her child from a downtown store. This showing sufficiently proves that the wife was at the time engaged on a community mission, especially in view of the very broad construction of community activities as including not only specific community errands but also personal recreation and pleasure or other legitimate pursuits of the wife. See Martin, Vail and Dowden cases, previously cited.
On the other hand, the negligence of a parent is not imputed to a child so as to bar the latter's recovery. Bergeron v. Houston-American Ins. Co., La.App. 1 Cir., 98 So.2d 723, certiorari denied. Therefore, Mrs. Vidrine's negligence is not imputed to her child so as to bar the recovery on behalf of the child for the child's personal injuries.

Negligence of the Municipality as a Proximate Cause of the Accident.
The facts preponderantly prove that the appropriate municipal employees were informed of the defective condition of the traffic light at least two days before the accident. We therefore reject the defendant-appellant's first contention that the insured municipality was not liable because the municipal employees did not know or could not have known of the defective condition of the traffic light in time to put it into proper operating condition before the accident.
However, able counsel for the defendant-appellant further urges that, even though negligence in failing to remedy the defective traffic signal is proved on the part of the municipal employees, such negligence *453 is not a proximate cause of the accident but is at the most a remote cause thereof, because of the intervening negligence of Mrs. Vidrine. Plaintiffs, of course, contend that the municipality's negligence was at least a concurrent proximate cause of the accident.
Where the defense of governmental immunity is not available,[1] a governmental authority charged with maintaining traffic control signals may be held liable for the negligent failure of its officers and employees to maintain such signals in proper working order. 40 C.J.S. Highways § 262, at p. 311; 60 C.J.S. "Motor Vehicles" § 176, at p. 518.
Negligence is conduct which creates an unreasonable risk of harm or injury to others, the failure to use such care as is necessary to avoid danger which should and could have been anticipated. Spiers v. Consolidated Companies, 241 La. 1012, 132 So.2d 879; Larned v. Wallace, La.App. 3 Cir., 146 So.2d 434; 2 Harper & James, The Law of Torts (1956), Sections 16.1 (p. 896), 16.9 (928); Prosser on Torts (2nd ed., 1955) Sections 30 (p. 119), 35 (p. 165); 2 Restatement of Torts (First), Section 282. By reason of the failure to repair the defective traffic signal at this blind corner, traffic from one direction was given a green light to proceed into the intersection, which was uncontrolled as to traffic approaching from a cross-direction as to which the traffic signal was out of working order. The failure to repair the defective traffic signal thus created a foreseeable and unreasonable risk to the safety of traffic approaching and entering the intersection.
The defendant-appellant argues that nevertheless the negligent failure to remedy the defective traffic signal was only a remote cause of the accident, not a proximate cause thereof. Reliance is placed upon Terrill v. ICT Insurance Co., La.App. 1 Cir., 93 So.2d 292. Under somewhat similar circumstances, this decision stated that "The proximate cause of the accident was obviously the failure of one or both of the drivers to exercise precaution, and the failure of the traffic light at most was a remote cause of the accident." 93 So.2d 295.
The Terrill decision, however, was rendered prior to the Supreme Court's landmark decision in Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298, which clarified the previously conflicting jurisprudence concerning remote and intervening negligence.
For purposes of determining whether negligence is a proximate cause of an accident, Dixie Drive It Yourself states, "Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm." 137 So.2d 302. Negligent conduct "is undoubtedly a substantial factor in bringing about the collision if the collision would not have occurred without it"; while, on the other hand, it is not a substantial factor (or cause-in-fact) "[i]f the collision would have occurred irrespective of the negligence." 137 So.2d 302.
As the opinion notes, the mere fact that injury also results from subsequent negligence of a careless or confused motorist does not insulate the first wrongdoer from liability to innocent victims, on a contention that the prior negligence is "passive". The doctrine of passive negligence as stated in *454 some of our jurisprudence "places undue emphasis on the chronology of the negligent acts and omissions." 137 So.2d 298. Where the purpose of a statutory or other duty is to safeguard the passage of vehicular traffic, the essence of the inquiry of proximate causation is whether the risk and harm encountered by the injured person fall within the scope of the intended purpose of the duty. 137 So.2d 304-305.
Thus, in the present instance, the failure of the municipal employees to remedy the defective traffic signal created an undue risk of harm to traffic at the intersection. The intended purpose of the duty was to prevent accidents such as that which occurred herein. The negligent failure to perform this duty was therefore a concurrent proximate cause of the accident, produced by a combination of it and of the negligence of Mrs. Vidrine in carelessly entering the intersection without adequate observation and care in the face of the out-of-order traffic signal.
Further, the negligence of Mrs. Vidrine was not an intervening cause such as relieves the municipality of liability for its own prior negligence. "The defendant ordinarily will not be relieved of liability by an intervening cause which could reasonably have been foreseen, nor by one which is a normal incident of the risk created." Steagall v. Houston Fire & Casualty Insurance Co., La.App. 3 Cir., 138 So.2d 433, 437, a decision by this court which rejected a contention similar to that of the present defendant-appellant. See also Bertrand v. Trunkline Gas Co., La.App. 3 Cir., 149 So.2d 152.
Summary.
We therefore find that the accident was proximately caused by the concurrent negligence both of the defendant-appellant's insured and also of Mrs. Vidrine.
Since the plaintiff's driver in the companion Ardoin suit was free of negligence, the judgment against the defendant-appellant in that case will be affirmed. However, in the present case, the plaintiff Mrs. Vidrine's negligence was a concurrent proximate cause of the accident, which negligence is likewise imputable to her coplaintiff husband as the master of the community; therefore, the judgment in the present suit will be amended so as to deny recovery to herself and her husband.
However, the parents' negligence is not imputable to their child who was riding as a passenger in the family automobile at the time of the accident. The judgment in favor of the husband as administrator of the estate of this child will therefore be affirmed. We find no error in, and no issue is made as to, the trial court's award of $500 general damages for such child's personal injuries, which consisted of contusions and bruises producing two days' hospitalization, with black eyes and headaches persisting thereafter for some 2-3 weeks.
Third-Party Demands by the Defendant-Appellant.
The defendant-appellant filed third-party demands in both suits.
In the present (Vidrine) suit, the defendant impleaded Mr. and Mrs. Clarence Ardoin (the plaintiffs in the companion suit) as third-party defendants, alleging that it is entitled to contribution because Mrs. Ardoin's negligence in entering the intersection was a concurrent proximate cause of the accident. The trial court properly did not allow judgment thereupon, since, as we have held, Mrs. Ardoin was completely free of negligence in entering the intersection in accordance with the green light facing her.
In the companion Ardoin suit, however, the plaintiff is entitled to judgment upon its third-party demand, which impleads the Vidrines (the plaintiffs in the present suit), seeking contribution upon allegations that the negligence of Mrs. *455 Vidrine, imputable to Mr. Vidrine, was a concurrent proximate cause of the accident, so that the Vidrines are liable in solido with the present defendant-appellant and thus responsible for one-half the damages as between themselves and the insurer. LSA-Civil Code Art. 2103. The decree in such companion suit will be amended accordingly.
We should note that the Vidrines, as third-party defendants, filed a plea of prescription to the third-party demand based upon the circumstance that it was filed against them more than one year after the accident. However, prescription against claims for contribution does not commence until, at the very least, one year after judicial demand has been made upon the solidary obligor seeking contribution from another on the ground of the latter's solidary liability. Brown v. New Amsterdam Casualty Co., 243 La. 271, 142 So.2d 796[2] Since the third-party demand herein was filed some three months after the original defendant (the third-party plaintiff) was first sued, or well within any prescriptive period applicable, we must overrule the third party plaintiffs' plea of prescription.
Decree.
For the above and foregoing reasons, the judgment herein is affirmed insofar as it awarded $500, plus legal interest and costs of the present suit, to the plaintiff, Hewitt Vidrine, on behalf of his minor child, Phyllis Ann Vidrine. The judgment is amended so as to dismiss the demand for damages brought individually by the coplaintiffs, Hewitt Vidrine and Betty F. Vidrine. The costs of this appeal are to be paid by the defendant-appellant.
Amended and affirmed.
NOTES
[1] The municipality itself may have had a valid defense on the ground that the maintenance of Traffic signals is a governmental function. Annotation, Traffic Regulations or Signals, 161 A.L.R. 1404. However, the defense of governmental immunity is personal to the municipality and cannot be urged by its liability insurer when the latter is made defendant under the direct action statute. Rome v. London 3 Lancashire Indemnity Co. of America, La.App.Orl., 169 So. 132, certiorari denied (see also earlier opinion, 181 La. 630, 160 So. 121) and following jurisprudence. See Terrill v. ICT Insurance Co., La.App. 1 Cir., 93 So.2d 292.
[2] Actually, the general rule has been that the right to contribution does not arise, nor does prescription commence against it, until after one of the joint obligors has paid more than his share of the common obligation. See 18 C.J.S. Contribution § 4. p. 7, § 13b, p. 22. Cf., De Lallande v. De Lellande, 10 La.Ann. 220 (1855). Cf. also Quatray v. Wicker, 178 La. 289, 151 So. 208; Aetna Life Insurance Co. v. De Jean, 185 La. 1074, 171 So. 450.