BOLIN, Judge.
As Paula Frances Foulks, a minor, was driving a 1962 Chevrolet south in the parking lot of the Sears store in Shreveport, Louisiana, her automobile was struck by a 1964 Chevrolet Corvair being driven east by Shirley Ann McBennett. F. L. Foulks, her father and natural tutor, instituted the present action for $300.00 for personal injuries allegedly received by his daughter. Party plaintiff Anna P. Barrett, former wife of Mr. Foulks and mother of Paula, sought to recover $652.15 as the owner of the vehicle driven by her daughter. Made defendants were Shirley Ann McBennett and her husband, Thomas L. McBennett. From judgment rejecting plaintiffs’ demands they appeal.
The sole issue is by whose negligence or fault the accident was caused.
The collision occurred almost directly in front of the Sears store which faces west and is located several hundred yards back from Southern Avenue. The area between the store and the street is used for parking, arranged so as to leave open various lanes for traffic both north and south and east and west. Immediately preceding the accident, which occurred on Christmas Eve, Paula had stopped the car to allow her mother to alight at the main entrance of the store. She then proceeded south in a traffic lane seeking a parking place, which was difficult to find since the parking area was congested and traffic heavy. She testified her vision was directed primarily toward a vacant parking space rather than toward the lanes for traffic. While thus proceeding in the north-south traffic lane her automobile was struck by the Corvair being driven east by Mrs. McBennett, who was driving at a slow rate of speed, having brought her vehicle almost to a stop as she approached the intersection. She glanced to the right to determine whether any automobiles were approaching from that direction and, seeing none, she proceeded into the intersection.
Mrs. McBennett testified she first observed the 1962 Chevrolet entering the intersection when she was approximately 20 feet away; that she was unable to avoid the ac *94 cident and that her vehicle struck the Cor-vair in the center of the right side.
There were no stop signs or traffic signals regulating the flow of traffic in the parking lot. Counsel have cited no municipal ordinances or regulations affecting traffic in the area. La.R.S. 32:121 provides:

“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”

Defendants contend that because the Mc-Bennett vehicle was approaching on the right it was accorded a statutory right of way. Plaintiffs, on the other hand, contend their vehicle had preempted the intersection, having reached there first. They allege also Mrs. McBennett was operating her vehicle at an excessive rate of speed under the circumstances and was not maintaining a proper lookout.
The issue presented is primarily factual. The trial judge did not assign written reasons for his judgment but our study of the record leads us to conclude the accident was caused solely by the negligence of Paula Frances Foulks in driving her vehicle into an intersection of the traffic lanes on the parking lot without making proper observation for traffic approaching from her right. We likewise find Mrs. McBennett was operating her vehicle at a moderate rate of speed under >the circumstances; had made a careful observation of traffic to her right, a casual observation to her left and entered the intersection at a slow rate of speed. Under these circumstances we find her free of negligence in being unable to avoid a collision with the 1962 Chevrolet.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.