SAMUEL, Judge.
This is a suit for personal injuries and property damages resulting from a collision between two automobiles. Plaintiffs are husband and wife. She seeks damages for personal injuries sustained by her in the accident and he seeks recovery of medical expenses expended for those injuries and property damages to his vehicle. The sole defendant, the automobile liability insurer of the other vehicle involved, filed an answer denying negligence on the part of its insured and alternatively pleading contributory negligence. Following trial on the merits judgment was rendered in favor of defendant, dismissing plaintiffs’ suit. Plaintiffs have appealed.
The accident occurred on a Saturday morning in the private parking lot of a large supermarket on Chef Menteur Highway and France Road in the City of New Orleans. The parking lot was marked for vehicular parking on the diagonal. It contained traffic lanes approximately 20 feet in width, each for vehicles traveling in both directions. While there was no center line in the traffic lanes, yellow arrows in each lane indicated the side of the lane to be used.
The two automobiles in this case were traveling in lanes which intersected at right angles and the collision occurred in the intersection. It was raining and traffic was heavy. Vehicles were parked on both sides of both lanes at and near the intersection, obstructing the views of both drivers and resulting in a blind, or partially blind, intersection. The two drivers, the plaintiff-wife and the defendant's insured, were alone in their respective automobiles. The plaintiff vehicle entered the intersection from the defendant-driver’s left. Photographs of the damaged vehicles introduced into evidence establish that the right front of the plaintiff automobile struck the extreme left front side of the defendant car.
The only evidence relative to the manner in which the collision took place, other than the photographs of the damaged vehicles, is the testimony of the two drivers and the testimony, taken by deposition, of a plaintiff witness, Mrs. Jones.
The plaintiff-driver testified: After purchasing groceries she was driving out of the parking lot toward France Road. Cars were parked along the lane in which she was traveling. Her car was struck by the defendant vehicle when she was 4 to 5 feet into the intersection. She did not see the defendant car prior to the collision but believed he must have been traveling in the left, or wrong, side of his lane.
The defendant-driver’s version of the accident is that he was driving toward Chef Menteur Highway at a speed of about 10 miles per hour on the right side of his lane of traffic. Parked vehicles made the intersection a blind corner, so he inched into the lane for traffic proceeding from and toward France Road. He had traveled about 3 feet into the intersection when he saw the plaintiff car about 25 to 30 feet to his left coming toward him at a speed of 25 to 30 miles per hour. He was unable to avoid the collision.
Mrs. Jones, the witness who testified by deposition, was a close friend and next-door neighbor of the plaintiff-driver. She stated she had seen the accident happen, *312 something less than 600 feet away, while she and her husband (who was deceased at the time of trial) were driving to the supermarket. They did not stop at that time. While driving out of the parking lot after shopping for approximately an hour they recognized the plaintiff-driver, who was still on the scene, and went to help her. This witness’ version of the accident was generally similar to that given by the plaintiff-driver. However, in large measure because Mrs. Jones also stated she did not inform either of the plaintiffs that she had seen the accident occur until a year after that occurrence, the trial judge did not believe her testimony.
In this court plaintiffs contend the trial court erred: (1) in not believing the testimony of Mrs. Jones; and (2) in failing to find that the accident was caused by the defendant-driver’s failure to operate his vehicle on the correct side of the lane in which he was traveling.
A part of Mrs. Jones’ testimony is that when she and her husband stopped to offer assistance she talked with the plaintiff-driver. It does seem highly improbable that she failed to mention to that driver the fact that she, Mrs. Jones, had witnessed the accident. In addition, Mrs. Jones stated she had been going over her shopping list while her husband was driving and looked up just as the collision occurred. She also testified to several details which are at variance with established facts, such as which car “hit” the other. Under these circumstances we cannot say the trial court erred in disregarding her testimony.
As the accident in suit occurred on private property, the duty of care imposed on the drivers must be adjudged under the general tort law of this state. Hinegardner v. Dickey’s Potato Chip Co., La.App., 205 So.2d 157; Barrett v. McBennett, La. App., 203 So.2d 92; Reed v. State Farm Mutual Automobile Insurance Co., La. App., 188 So.2d 756. Under that law the lack of view inherent in a blind or partially blind intersection imposes a heavy duty of care on the part of a motorist. Soprano v. State Farm Mutual Automobile Ins. Co., 246 La. 524, 165 So.2d 308.; Hinegardner v. Dickey’s Potato Chip Company, supra; Byers v. Creel, La.App., 198 So.2d 739; Lucas v. Broussard, La.App., 197 So.2d 696; Vidrine v. General Fire & Casualty Company, La.App., 168 So.2d 449; Westchester Fire Insurance Company v. Dar-dar, La.App., 158 So.2d 239.
There can be no serious question about the negligence of the plaintiff-driver. We are satisfied it was extremely difficult for her to see traffic approaching the intersection she was about to cross. Yet, even according to her own testimony, she entered the intersection blindly, without stopping and without exercising any degree of care or caution to avoid traffic entering the intersection from the other lane; she did not see the defendant car until the collision occurred. Under these circumstances we find, as did the trial judge, that she was guilty of contributory negligence which proximately caused the accident and which prevents a recovery by the plaintiffs.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.