McBRIDE, Judge.
Dr. Max E. Johnson, individually and for and on behalf of his minor son, Jeffrey, seeks to recover from Norman Deverney, the driver of a V-8 Taxicab, Deverney’s alleged employer, and the alleged liability insurers of the taxicab, the damages sustained by him and his minor son as the result of a Ford automobile driven by Walton Johnson (a colored man) striking the automobile in which the minor was riding at the intersection of South Claiborne and Napoleon Avenues on June 4, 1961, at about 1:15 a. m. The accident was a tragic one; young Johnson was seriously injured, and his two companions were killed. After a trial on the merits, the suit as against Deverney, his employer and the insurers of the taxicab was dismissed, and plaintiff has appealed from that part of the judgment.
A résumé of the chain of circumstances leading up to said accident is requisite to an understanding of the origin of plaintiff’s claims. A short time before the occurrence of the accident in which Jeffrey Johnson was injured and his companions killed, Walton Johnson, who was in a drunken condition, drove his automobile into a parked vehicle owned by a friend of Deverney at Jackson Avenue and Simon Bolivar Boulevard. Deverney, witnessing the collision, thereupon got into his V-8 Taxicab for the purpose of following Walton Johnson, who was attempting to flee from the scene, in order to secure Johnson’s license number. Deverney overtook Johnson’s vehicle at First and Danneel Streets and spoke with Johnson, who agreed to return to Jackson Avenue and Simon Bolivar Boulevard where he had run into the parked car. In view of Johnson’s agreement, Deverney did not note the number of the license plate. Instead of returning, Walton Johnson took off and negotiated a different and devious route covering a distance of approximately twenty-two city blocks to the point where he crashed into the automobile in which plaintiff’s son was riding at South Clai *712 borne and Napoleon Avenues. Deverney’s cab never caught up with Johnson, and it was about two blocks behind Johnson’s car when plaintiff’s son was injured. The record shows that after driving away from First and Danneel Streets, Johnson ignored a stop sign and ran through four red lights.
Plaintiff is seeking to cast Deverney, his employer and the two insurers on the following counts of negligence alleged against Deverney, viz.:
“1) Operating his vehicle, while chasing the said Walton Johnson, at an excessive, dangerous and unlawful rate of speed.
“2) Chasing the said Walton Johnson when he knew said person was intoxicated and under the influence of liquor or when he should have known same and knew that it was dangerous to continue said chase under the prevailing conditions.
“3) Chasing the said Walton Johnson through stop signs and red stop lights when he knew or should have known said Johnson would continue to operate his vehicle in such a fashion and would endanger the lives of pedestrians and other motorists.
“4) Continuing in a chase of a vehicle being operated in an extremely wreckless and dangerous manner, at an unlawful rate of speed and through stop signs and stop lights when he knew or should have known that said operation and chase was dangerous and unlawful and likely to cause injuries and/or death to others.”
Deverney followed or pursued Johnson only for the purpose of securing the license number of the latter’s vehicle in order to transmit it to the police in connection with the first accident. The record shows that Johnson was oblivious of De-verney’s pursuit. He so stated at the trial when testifying as a “court witness.” It appears plaintiff had subpoenaed Johnson but failed to place him on the stand, whereupon the trial judge had Johnson sworn as a witness and proceeded to examine him.
Deverney’s actions quoad plaintiff’s son were in no wise tortious. A tort is a breach of legal duty, and every tort action presupposes the existence of such a duty from defendant to plaintiff, breach of that duty, and damage as the proximate result. P. Olivier & Sons v. Board of Com’rs of Lake Charles Harbor and Terminal Dist., 181 La. 802, 160 So. 419; Weadock v. Eagle Indemnity Co., La.App., 15 So.2d 132; LSA-C.C. art. 2315. Deverney owed no legal duty unto plaintiff’s son not to pursue Johnson in the manner, for the purpose or under the circumstances shown by the record, and hence, it follows there was no breach of a legal duty to constitute tort liability.
Moreover, plaintiff makes no showing whatever that Johnson’s negligence or' his son’s injuries emanated from or were caused or engendered by any act or activity of Deverney. There is not even the remotest causal connection between the pursuit of Johnson and the accident or injury.
It is fundamental that a complained of act is not actionable unless it is a cause in fact of the harm for which recovery is sought, and the burden of proving this causal link is upon the plaintiff. Without causal connection between the act and the accident no legal liability exists. Perkins v. Texas and New Orleans Railroad Company, 243 La. 829, 147 So.2d 646; Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298; Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660; Bodan v. American Employers’ Insurance Company, La.App., 160 So.2d 410.
Therefore, the judgment appealed from is affirmed.
Affirmed.