REGAN, Judge.
The plaintiff, George Vogt, Jr., filed this suit against the defendant, the City of New Orleans, endeavoring to obtain a declaratory judgment interpreting R.S. *421 33:2286[1] and asserted in connection therewith that the City of New Orleans was required to deduct S% of his salary for work performed in excess of forty hours per week beginning January 3, 1965, until the date of his retirement, since he was actually compelled to work this extra time, and to pay this amount into the police pension fund for his benefit.
The defendant, the City of New Orleans, answered and in effect denied that it was obligated to deduct 5% from the plaintiff’s pay which emanated from work performed in excess of 40 hours per week for the reason that this sum was earned as “overtime” and the statute specifically provides that monies received as overtime pay shall not be considered as salary for pension fund purposes.
From a judgment of the lower court in favor of the plaintiff, the defendant has prosecuted this appeal.
The record discloses that when this suit was filed, the plaintiff had been a member of the New Orleans Police Department for over nineteen years, and was soon to retire after completing twenty years of service therein. The record is uncontradicted to the effect that the regular fixed hours of work for the plaintiff from January 3, 1965, to June 1, 1965, was forty-eight hours per week; from June 1, 1965, through October 31, 1965, sixty hours per week; and from November 1, 1965, through June 13, 1967, forty-eight hours per week.
The incident which provoked this law suit was a directive issued by the office of the Superintendent of Police, Number 98-P, on December 31, 1964, which provided in part that :
“ * * * a 40 hour week for all personnel previously working a longer schedule of hours will be effective with the first platoon of all bureaus, districts and divisions on Sunday, January 3, 1965. In order to carry out the necessary performance of basic duties of the department, will be mandatory for field personnel in bureaus designated by the Superintendent of Police, to work eight additional hours each week. A payment of overtime will be made in such instances.
* * * * * *
“In any case where any bureau, district or division has any employee who for some reason will not be compelled to work more than 40 hours a week, such an employee may be granted * * * ” (Emphasis added.)
The statute which forms the subject matter of this litigation is R.S. 33:2286, which reads:
“Five per cent of the salaries of the officers, members, and employees of the police department shall be turned over and paid to the board. This levy shall be deducted and collected monthly out of the salaries and paid into the fund, provided that monies received as overtime pay, court time pay and holiday pay shall not be considered as salary for pension fund purposes.” (Emphasis added.)
The plaintiff simply contends that since he was compelled, or since it was mandatory for him to work forty-eight hours per week rather than the forty hour week in conformity with the superintendent’s message of December 31, 1964, the City is required to deduct 5% of the wages paid for the eight hour difference into the policemen’s retirement fund, because the eight hour overplus was not in fact overtime pay, as excepted from the pension plan by virtue of the foregoing statute. In other words, he insists that since he was unable to exercise any discretion in choosing not to work the hours in excess of the so-called forty hour “normal” work week, this overage in hours worked was not in fact overtime pay but was “salary” and was therefore subject to the 5% deduction. *422 The plaintiff in support of the foregoing contention points out that he did not receive premium pay, or time-and-a-half, for the time worked in excess of the forty hour work week.
On the other hand, the defendant maintains that the mere fact that an individual regularly works overtime does not of itself change these hours to regular time so as to exempt them from the provision of the statute which excepts overtime pay, court time pay, and holiday pay from salary for pension fund purposes.
We are of the opinion that the solution to this litigation actually appears in the message which has been designated as No. 98-P emanating from the office of the Superintendent of Police, dated December 31, 1964, which we have quoted here-inabove. An analysis of the intent and meaning of this directive discloses that the Superintendent upon the issuance thereof was simply contemplating the establishment of a forty hour work week at some future time in accordance with a trend which had begun to prevail throughout the United States for municipal employees. However, the very terminology of the directive convinces us that the department was not prepared, nor did it intend on December 31, 1964, to establish a forty hour week for the reason that the “message” is most emphatic in stipulating that “In order to carry out the necessary performance of basic duties of the department, [it] will be mandatory for field personnel in bureaus designated by the Superintendent of Police to work eight additional hours each week”.[2] (Emphasis added.) It then added that “A payment of overtime will be made in such instances”.
Since it is compulsory by virtue of the very language of the directive for the personnel to work a forty-eight hour week in order to carry out the basic duties of the department, the contemplation of a forty hour week with eight hours added thereto and designated as overtime constituted a mere fiction; it actually never materialized or became a reality, since the employees had no alternative but to work forty-eight hours. Moreover, the rate of pay for these additional hours was substantially the same, and they were worked on a steady, regular, and normal basis, without being considered exceptional or irregular in any manner.
 Overtime, within the meaning and scope of R.S. 33:2286, is, in our opinion, an incident which occurs at irregular and unplanned intervals, and does not constitute a mandatory, continuing event. We agree with the lower court in its conclusion that while many situations may exist where employees may be ordered and compelled to work overtime in the true sense and meaning of R.S. 33:2286, and while these situations would each depend upon their own individual facts and circumstances, it is quite clear that a continuing, mandatory and indefinite requirement of an employer, as in this case, to work several or more hours beyond what has been set by administrative fiat as the regular work week cannot be considered “overtime” within the contemplation of R.S. 33:2286. If any other result were reached, the City would possess carte blanche to establish any arbitrary number of hours as the regular work week, with any work compulsively performed over that amount, categorized as “overtime” so as to unjustly deprive the members of the police department of their 5% deduction from salaries for their pension fund.
In view of what we have said herein-above, we are of the opinion that the City of New Orleans must deduct the sum of S'% from the plaintiff’s pay which emanates from the mandatory hours worked over and above the stated forty hour week, exclusive of compensation received in the way of customary sporadic overtime pay, in *423 court pay, and holiday pay, as provided for in R.S. 33:2286.
For the foregoing reasons, the judgment of the lower court is affirmed.
All costs incurred herein are to be paid by the defendant.
Affirmed.

. Act 301 of 1960 which we shall quote in full hereinafter.

. As stated elsewhere herein, for a short period of time the plaintiff was required to work a regular mandatory sixty hour week.