HALL, Judge.
Thirty-one retired police officers of the City of New Orleans and one police officer (Ernest F. Curtis) who was shortly to retire brought this mandamus proceeding against the Board of Trustees of the Police Pension Fund for the City of New Orleans. seeking to compel the defendant Board to accept from each of them 5% of the wages paid him over and above forty hours per week but not to exceed forty-eight hours per week exclusive of compensation received by him by way of customary overtime, and to compel the defendant Board to increase the pension benefits and payments to each in accordance with LSA-R.S. 33 :2286 et seq.
An alternative writ of mandamus was issued and a return day set by the Trial Judge.
The defendant Board filed an exception of “no right of action for mandamus” and also an exception of no right or cause of action, and an answer. The City of New Orleans intervened in the action on the side of the defendant Board asserting that *355 it had a direct financial interest in the outcome thereof.
The Trial Judge referred the Board’s exceptions to the merits and later during the course of the trial overruled them. Following a lengthy trial on the merits judgment was rendered in favor of each of the relators making the alternative writ of mandamus peremptory to the extent of commanding the Board to accept from each of the thirty-two relators 5% of the wages paid him over and above forty hours per week but not to exceed forty-eight hours per week (exclusive of compensation received in the way of sporadic overtime pay, court time pay and holiday pay as provided for in LSA-R.S. 33:2286) for the period from January 3, 1965 until date of retirement or until October 1, 1968, whichever first occurred; and further commanding the defendant Board to increase the pension benefits and payments to each of the thirty-one retired relators in accordance with LSA-R.S. 33:2286 et seq. The judgment further ordered the defendant Board to “take in consideration the aforesaid payments of Ernest F. Curtis in determining his pension benefits and payments if and when he retires.” The judgment cast the defendant Board for all costs of Court.
The defendant Board and the Intervenor, City of New Orleans, appealed. Relators answered the appeal praying for damages for frivolous appeal under the provisions of LSA-C.C.P. Art. 2164.
Pertinent provisions of the statute setting up “The Police Pension and Relief Fund” read as follows:
“§ 2286. Salary deductions paid into fund
“Five per cent of the salaries of the officers, members, and employees of the police department shall be turned over and paid to the board. This levy shall be deducted and collected monthly out of the salaries and paid into the fund, provided that monies received as overtime pay, court time pay and holiday pay shall not be considered as salary for pension fund purposes. As amended Acts 1960, No. 301, § 1.” LSA-R.S. 33:2286
“S 2293.1 Retirement with sixteen years active continuous service; amount of pension
“If any officer, member or employee shall have been inducted into the police department of the city of New Orleans on or prior to December 31, 1967 and shall have at least sixteen years of active continuous service on the force, he or she shall be eligible to retirement from the force, regardless of age and shall receive forty percent of his or her average compensation during the last year of service immediately preceding the date of retirement, as an annuity from the fund. As amended Acts 1967, No. 69, § 2.” LSA-R.S. 33:2293.1
The record reveals that each of the rela-tors, with the exception of Ernest F. Curtis, retired from the police force subsequent to January 3, 1965 after sixteen years service. Prior to January 3, 1965 each of them, including Officer Curtis, received a salary on the basis of a forty-eight hour work week from which 5% thereof was deducted and paid into the pension fund as provided in LSA-R.S. 33:2286. The remaining 95% of the monthly salary was paid bi-monthly in two checks. In addition thereto each officer received a third check each month covering earned “overtime pay, court time pay and holiday pay” from which no deduction for the pension fund was made.
On December 31, 1964 the Superintendent of Police issued an order or directive which reads in part as follows:
“ * * * a 40 hour week for all personnel working a longer schedule of hours' will be effective with the first platoon of all bureaus, districts and divisions on Sunday, January 3, 1965. In order to carry out the necessary perform- *356 anee of basic duties of the department, [ii] will be mandatory for field personnel in bureaus designated by the Superintendent of Police to work eight additional hours each week. A payment of overtime will be made in such instances. (Emphasis Supplied)
From and after January 3, 1965 each relator was paid salary on the basis of a forty hour week instead of a forty-eight hour week, receiving the amount of this salary (less 5% thereof deducted and paid into the pension fund) in two checks issued monthly. In addition thereto each relator received a third monthly check as “overtime” pay, which included payment not only for customary overtime, court time pay and holiday pay but also included payment for the eight hour difference between the forty hour work week and the forty-eight hour work week. No deductions were made from this “overtime” pay check for the pension fund. It is important to note that no premium was paid for overtime work.
It is abundantly clear from the record that from and after the effective date of the superintendent’s directive each of the relators did in fact continue to work eight hours a day, six days a week, besides the traditional overtime; and that each of them was compelled to work continuously forty-eight hours per week from the effective date of the superintendent’s directive through the date of his retirement or until October 1, 1968, whichever came first, or else be subjected to disciplinary action.
Relators show that they have been receiving the same amount of money since the effective date of the superintendent's directive establishing a forty hour work week as they had previously received when the work week was forty-eight hours but that although they were required to work forty-eight hours per week, the Police Department arbitrarily classified eight hours of such work per week as “overtime” from which no pension deductions were made, all of which has the effect of reducing the amount of the pensions paid them under the provisions of LSA-R.S. 33:2293.1.
The record further shows that after the Vogt suit was filed on June 22, 1966 each of the relators offered to pay into the pension fund the amounts which they contend should have been deducted and paid into the fund covering the eight hours per week of so called “overtime”, but that the defendant Board refused to receive any amount from any of them.
Relators contend that since they were compelled, or since it was mandatory for them, to work forty-eight hours per week rather than the forty hour per week in conformity with the superintendent’s directive, the Board should be required to receive from them and deposit in the pension fund 5% of the wages paid for the eight hour difference between the forty and the forty-eight hour work week and should be further required to increase their pensions accordingly.
The defendant Board states in its brief:
“Primarily, the issue is whether or not this 8 hour extra, which they were ordered to work during the time from January 1, 1965, until their retirement is salary or overtime.
“If it is salary, they are entitled to have judgment as prayed for.”
The crux of the matter, as admitted by the defendant Board, is whether the eight hour overplus was actually “salary” subject to the 5% deduction or whether it was “overtime” from which under the provisions of LSA-R.S. 33:2286 no deductions should be made.
This question was squarely passed upon by this Court in Vogt v. City of New Orleans, 208 So.2d 420, wherein it was held that the pay for the eight hour overplus was actually “salary” instead of “overtime” within the meaning of LSA-R.S. 33 :- 2286 and that it was subject to the 5% deduction for pension purposes. Writs were refused by the Supreme Court in this case *357 on May 17, 1968 on the ground that “The judgment complained of presents no error of law.”
The defendant Board has reargued before us the exceptions filed by it in the District Court. The Intervenor, City of New Orleans, has also argued these exceptions although it filed no exceptions either in the District Court or in this Court.
We are of the opinion that the exception of “no right of action for mandamus” was properly overruled by the Trial Court. In the Vogt case it was held that 5% of the plaintiff’s pay “which emanates from the mandatory hours worked over and above “must” be deducted and paid into the pension fund. As thus interpreted LSA-R.S. 33:2286 makes it the mandatory and ministerial duty of the defendant Board to accept such payments and to take such payments into consideration in calculating the amount of the pensions due under LSA-R.S. 33:2293.1.
Morevoer LSA-C.C.P. Art. 3862 provides that a writ of mandamus may be issued in all cases “ * * * where the delay involved in obtaining ordinary relief may cause injustice” and we agree with the Trial Judge “ * * * that to require each party plaintiff to file an ordinary suit to compel defendant to comply with Act 307 (sic) of 1960 [LSA-R.S. 33:2286], as clearly interpreted by our Courts, would not only create a delay which would cause an injustice, but would result in a travesty of justice.”
The exception of no right or cause of action filed by the defendant Board is based on the proposition that a mandamus only lies when there is no doubt about the right of relators to same. Additionally, the Intervenor, City of New Orleans, argues that the statutes relating to the Board do not give it authority to sue or be sued. In Board of Trustees of Firemen’s Pension and Relief Fund of City of New Orleans v. City of New Orleans, La.App., 207 So.2d 166 (writ refused April 19, 1968) it was held that the right of the Board to sue is implicit in the authority given that Board in LSA-R.S. 33:2103. We are of the opinion that the same reasoning applies to the defendant Board (compare LSA-R.S. 33:-2284). Since there is the right to sue there must be the concomitant right to be sued. We are of the opinion that the exception of no right or cause of action was properly overruled.
The Trial Judge cast the defendant Board for costs. Under the provisions of LSA-R.S. 13:4521 a public board is not liable for costs.
We find no merit in appellees’ prayer for damages for frivolous appeal, and such damages are denied.
For the foregoing reasons the judgment appealed from is amended by striking therefrom the sentence casting the defendant Board for costs, and as so amended and in all other respects the judgment appealed from is affirmed.
Affirmed as amended.