GULOTTA, Judge.
This matter involves a claim for damages for personal injuries sustained by Mrs. Robinson which plaintiffs assert were incurred as a result of the negligence of the defendant in engaging in and allowing his guests to engage in the illegal activity of igniting pyrotechnic devices. This suit is directed against Connecticut Fire Insurance Company and its insured, Frank Muller, owner of certain property located directly across the street from plaintiff.
The defendant answered and denied the foregoing accusations of negligence. Alternatively, defendant charged that if he be found guilty of negligence which was the proximate cause of the said accident; that plaintiffs were guilty of contributory negligence, which negligence bars’ recovery. Defendant filed a supplemental and amended answer alleging that if he were found guilty of negligence which was the proximate cause of the accident, and if the plaintiffs were not found to be contribu-torily negligent, that plaintiffs be precluded from recovery in that they assumed the risk when Mrs. Robinson placed herself in a situation known to her to be dangerous.
Following a trial on the merits, judgment was rendered in favor of the defendant, and from that judgment, the plaintiffs have prosecuted this appeal.
The record discloses that on January 1, 1966, at approximately 12:10 a. m. Mrs. Robinson sustained an injury to her left eye while sitting on the front steps of her home at 6046 Wildair Drive in the City of New Orleans. At this time the defendant was entertaining guests at his residence *88 which is located directly across the street from the Robinson residence. Testimony reveals that defendant and his guests were causing fireworks to explode. Further testimony revealed that fireworks were being exploded at a nearby playground, at a house behind the Robinson residence and from passing automobiles. No witnesses were able to testify that they saw any object being thrown from the Muller residence immediately prior to the time that Mrs. Robinson was injured.
The trial court stated, “neither can there be any doubt that the injury was caused by some ‘extraneous object’ hitting the eye.” However, physicians stated that no determination could be made as to the identity of the obj ect.
In his reasons for judgment, the trial judge stated, “While the object which struck Mrs. Robinson may well have come from the Muller residence, it could just as well have come from an exploding object which was set in motion in any other part of the neighborhood.”
The trial court held that it was impossible to fix liability upon defendant Muller because the plaintiffs failed to prove by a preponderance of evidence, that the injury sustained by Mrs. Robinson was the result of any negligent act on the part of the defendant.
The general rule on tort liability is that no liability attaches where proximate cause is not shown, LSA-C.C. 2315, Day v. National United States Radiator Corp., 241 La. 288, 128 So.2d 660 (1961). And even where a party is negligent, liability does not attach unless negligence was the proximate cause of the accident, Hinegardner v. Dickey’s Potato Chip Company, La.App., 205 So.2d 157, writ refused, 251 La. 746, 206 So.2d 94 (1968); Adams v. Great American Indemnity Company, La.App., 116 So.2d 307 (1959). The plaintiff must bear the burden of proving the causal connection between an alleged negligent act and the accident before liability attaches, Johnson v. Johnson, La.App., 171 So.2d 710 (1965).
Under the tests cited above, and after reviewing the record, we see no error in the trial court finding that plaintiff failed to prove her case by a preponderance of evidence that the alleged negligence of defendant caused the injury as set out in English v. Louisiana Creamery, Inc., La.App., 181 So.2d 800 (1965).
Plaintiffs have suggested to us that the trial court erred in failing to invoke the doctrine of “res ipsa loquitur” as a basis for their recovery. In support of their plea, plaintiffs cited the case of Larkin v. State Farm Mutual Automobile Insurance Company, 233 La. 544, 547, 97 So.2d 389 (1957) for the proposition that the doctrine should be liberally applied. Although Chief Justice Fournet called for the application of the doctrine in unusual circumstances, he specified in the Larkin case, supra, at page 391, that the accident must be “due to the negligence of the one having control of the thing which caused the injury”. In Moran v. City of New Orleans, 218 So.2d 91, 95 (1969), this court listed as a prerequisite to the application of “res ipsa loquitur” “ * * * and the instrumentality causing the accident was under the control of the defendant”.
The identity of the object which struck Mrs. Robinson was not ascertained nor was there evidence to indicate that the alleged unknown object was under the exclusive control of defendants. And in Evans v. Travelers Insurance Company, La.App., 212 So.2d 506 (1968), the court stated that the doctrine of “res ipsa loquitur” should not be applied unless plaintiff proves that his damage was caused by an instrument within the control of defendant.
Under the above cited jurisprudence, we find that the doctrine of “res ipsa loquitur” is not applicable here, and that the trial court properly did not invoke the doctrine in the instant case.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.