259 So.2d 613 (1972)
STATE of Louisiana ex rel. Robert Joseph MURRAY, Sr. and Paul James Colna
v.
BOARD OF TRUSTEES OF the POLICE PENSION FUND FOR the CITY OF NEW ORLEANS.
No. 4865.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 1972.
*614 Dorothy T. Horton of Tolmas, Schiro & Horton, New Orleans, for relators-appellees.
Richard A. Dowling, New Orleans, for defendants.
Before CHASEZ, STOULIG, and BAILES, JJ.
CHASEZ, Judge.
Plaintiffs, Robert Joseph Murray, Sr. and Paul James Colna, instituted this suit seeking a writ of mandamus to compel defendant, Board of Trustees of the Police Pension Fund for the City of New Orleans, to accept payment from relators 5% of wages paid over and above 40 hours per week, but not to exceed 48 hours per week for the period from January 3, 1965 until the date of their respective retirements. Plaintiffs further seek to compel defendant to increase the pension benefits and payments to relators to accord with the increase in payments made by them based on a 48 hour week from the dates as above. Defendants filed exceptions of no right or cause of action and prescription.
Judgment in the lower court was rendered in favor of the plaintiffs and against the defendant denying the exceptions and granting the writ of mandamus. Defendant appeals from this adverse judgment.
Robert Joseph Murray, retired from the New Orleans Police Department on February 3, 1969 and Paul James Colna retired from the department on January 10, 1968.
Through a directive issued by the office of the Superintendent of Police on December 31, 1964 both plaintiffs were required *615 to work eight additional hours each week, over and above their normal forty hour week, effective from January 3, 1965. This principal directive and the resultant consequences of it have been before this court twice before and in each case we have upheld the right of the individuals involved to increased pension benefit payments, after payment or a deduction by the defendant Board of 5% of an individual's pay which emanates from mandatory hours worked over and above the stated forty hour week, exclusive of compensation received in the way of customary sporadic overtime pay, court pay, and holiday pay, as provided by LSA-R.S. 33:2286. See Vogt v. City of New Orleans, 208 So.2d 420 (La.App., 4th Cir., 1968), writ denied, 252 La. 165, 210 So.2d 51 (1968); State ex rel. Walters v. Board of Trustees, 229 So. 2d 353 (La.App., 4th Cir., 1969), writ refused 255 La. 480, 231 So.2d 395 (1970).
The same issues, except one, that were involved in the two previous cases are contested in the present case. We find it superfluous to reiterate the facts and issues involved other than to say we affirm our prior decisions regarding these matters. Therefore, the only matter before this court involves the issue of prescription.
Defendant contends that any right the plaintiffs have is in the nature of damages and that the directive compelling them to work additional hours was a tort against them, therefore prescription of one year must apply and their case be dismissed.
We are convinced that the plaintiffs' cause of action does not arise through the principles of tort law. A tort is a breach of legal duty and, as such, there must be in existence a duty from defendant to plaintiff, a breach of that duty, and damage as a proximate result. Marsalis v. La Salle, 94 So.2d 120 (La.App., Orleans, 1957); Johnson v. Johnson, 171 So.2d 710 (La. App., 4th Cir., 1965). We can perceive no legal duty on the part of the police superintendent not to issue the directive in question. To say the very least, the issuance of such an order is not negligent.
The laws relating to prescription are stricti juris and as such they cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law. United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956); Devillier v. City of Opelousas, 247 So.2d 412 (La.App., 3d Cir., 1971); Feltus v. Feltus, 210 So.2d 388 (La.App., 4th Cir., 1968).
The question before this court is when a right to assert an increase in pension funds [previously determined by the courts as a lawful right] is prescribed.
We are convinced that when the plaintiffs became eligible to retire and did retire, their right to the enjoyment of benefits from the police pension fund, as enacted by the legislature as LSA-R.S. 33:2281, became a vested right. Before their retirement the right of the plaintiffs to participate in the pension fund was inchoate and subject to modification. Bowen v. Board of Trustees of Police Pension Fund, 76 So.2d 430 (La.App., Orleans, 1955). The jurisprudence is clear that plaintiffs' interest in the pension and their right to benefit payments thereunder is in the nature of vested rights in the fund once they became eligible to and did retire under the pension fund provisions. See Penny v. Bowden, 199 So.2d 345 (La.App., 3d Cir., 1967). Further, LSA-R.S. 33:2297 declares that no officer, member, or employee of the police department who has contributed to the fund after twenty years of continuous active service shall be deprived of his rights to the benefits, pensions, and annuities provided for by the police pension fund.
Plaintiffs' right to the increase in pension benefits payable after payment of 5% of wages received for mandatory work over and above forty hours per week, exclusive of compensation received in the way of overtime pay, court pay, and holiday *616 pay is a vested right. This court has already decided the right of such claimants to secure the increased pension benefits by Vogt v. City of New Orleans, supra; and State ex rel. Walters v. Board of Trustees, supra.
Accordingly, the right of plaintiffs is a personal right and the prescriptive period applicable is ten years for personal actions as set forth in LSA-C.C. Article 3544. As the right does not become vested until a claimant retires the personal right arises at the same time with regard to his vested interest. Thus the prescriptive period does not begin to run until the date of a claimant's retirement.
For the foregoing reasons the judgment of the lower court in favor of plaintiffs granting the writ of mandamus is affirmed. Costs of this court are not attributable to defendant, being a public Board, under LSA-R.S. 13:4521.
Affirmed.