283 So.2d 294 (1973)
STATE of Louisiana ex rel. John J. SPANN, Jr., et al.
v.
BOARD OF TRUSTEES OF the POLICE PENSION FUND FOR the CITY OF NEW ORLEANS.
No. 5268.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1973.
*295 Tolmas, Schiro & Horton, Dorothy T. Horton, New Orleans, for relators-appellees.
Richard A. Dowling, New Orleans, for respondent-appellant.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SAMUEL, Judge.
Nine retired members of the New Orleans Police Department filed this mandamus proceeding against the Board of Trustees of the Police Pension Fund for the City of New Orleans seeking to compel the *296 Board for pension purposes to accept from each of them 5% of his salary for a 48 hour week, instead of the 48 hour per week salary from which the 5% had been deducted, and further to compel the Board to increase the pension benefits paid to each in accordance with the salaries received during such 48 hour weeks. In addition, one of the relators, John J. Spann, Jr., sought to compel the Board to pay him pension benefits on the basis of 23 years of service rather than the 22 years the Board had determined was due. Insofar as issues now before this court are concerned, the Board filed an exception of prescription and an answer in the form of a general denial.
After hearings the trial court rendered several judgments overruling the exception of prescription and, on the merits, in favor of relators and against the Board. The Board has appealed.
Relators allege they retired from the department on various dates, the first on February 8, 1966 and the last on October 3, 1969. This suit was filed on October 9, 1970. The first of three contentions made in this court by the appellant, relative to the exception of prescription, is based on the alleged fact that the applicable prescription is one year and therefore the present action is prescribed. We find no merit in the contention.
In a case recently handed down by this court (on March 21, 1972), State Ex Rel. Murray v. Board of Tr. of Police Pen. F., 259 So.2d 613, we held the prescription for an action by a policeman to secure pension benefits begins to run on the date of retirement and the period of such prescription is ten years for a personal action under LSA-C.C. Art. 3544, not the one year prescriptive period as argued by the Board. We adhere to that holding and, as the petition in this case was filed within ten years of the retirement of all nine relators, affirm the judgment dismissing the exception of prescription.
Appellant's second contention is that although relators were paid on a 48 hour week basis, the eight hour overplus was "overtime" which, under the provisions of LSA-R.S. 33:2286, cannot be considered as salary for pension fund purposes.
The record reveals that relators worked a regular 40 hour week. However, an order or directive issued by the Superintendent of Police on December 31, 1964 made it mandatory for them to work eight additional hours each week. They received salary on the basis of a 40 hour week from which the 5% pension amount was deducted. They were paid for the eight hour overplus as "overtime" from which the 5% was not deducted.
These are the same facts, the same statute, the same order or directive of December 31, 1964, and the same issue which were squarely presented and passed upon in three recent cases handed down by this court. State Ex Rel. Murray v. Board of Tr. of Police Pen. F., supra, State Ex Rel. Walters v. Board of Trustees, La.App., 229 So.2d 353, and Vogt v. City of New Orleans, La.App., 208 So.2d 420. In all of those cases we held that, in view of the mandatory requirement to work eight additional hours each week, the Board was obliged to receive pension contributions, and to increase pension benefits, in accordance with a 48 hour week instead of a 40 hour week. In accordance with those holdings we find no merit in appellant's second contention.
We do find merit in appellant's third and last contention, that relator Spann is only entitled to pension benefits based on 22 rather than 23 years of service as concluded by the trial court.
Major Spann joined the New Orleans Police Department on October 1, 1946. On August 22, 1969 he submitted his written resignation to the Superintendent of Police, giving as his reason for resigning his intention to become a candidate for the office of Mayor of New Orleans. He concluded the letter of resignation by stating "For payroll purposes, this resignation will be effective September 3, 1969." Major Spann *297 did not apply for his pension until October 3, 1971. In the interim he received checks from the city dated September 12, September 19 and October 3, 1969, representing sums due him from accumulated annual leave. Later he also received three checks dated October 17, 1969 representing a lump sum payment of the remainder of his accrued annual leave. He tendered a check to the city for the appropriate amount to be withheld for pension purposes from the checks of September 12, September 19 and October 3, 1969, but the city refused to accept the payment.
Thereafter, the Board requested an opinion from the City Attorney as to whether Major Spann should receive retirement benefits on the basis of 22 or 23 years of service. The City Attorney concluded he was entitled to payments based upon 23 years of service. Among the reasons given for that conclusion were "... the policy of not filling a position on the New Orleans Police Department while the person filling this position is receiving compensation for accrued annual leave" and the fact that his accrued annual leave was was not fully paid until after the 23rd anniversary.
Major Spann relies on the letter from the City Attorney and on a letter from Captain Alvin H. Rankin, President of the Board, stating that the Major began work on October 1, 1946 and retired on October 3, 1969. He argues that although he resigned effective September 3, 1969, he did not in fact retire until October 3, 1969 and that, particularly because of the Rankin letter, the city is estopped from denying he is entitled to a pension based on 23 years service. On the other hand, the Board argues the Major is bound by the above quoted statement in his letter of resignation, so that his effective date of retirement was September 3, 1971, approximately one month short of 23 years.
An opinion of the City Attorney does not have the force of law. Moreover, the Rankin letter was not written by one having authority to bind the city contrary to law. Nor is it true that Major Spann relied on that letter to his detriment; it was written on January 19, 1970, more than four months after the effective date of his resignation and more than three months after October 3, 1969, the date he argues is the date of his retirement.
There is no statutory or other legal authorization known to us which permits the application of accrued annual leave toward a policeman's period of active service for the computation of pension benefits. We note that Act 170 of 1971 amended Title 33 of the Louisiana Revised Statutes by adding thereto a new section, R.S. 33:2294.3, which permits the conversion of sick leave to membership service at the time of retirement of any officer, member or employee of the New Orleans Police Department who has had at least 20 years of active service. As Act 170 of 1971 was passed subsequent to the occurrence of the events herein, and indeed subsequent to the rendition of the judgments herein appealed from, it can have no effect in this case. We mention Act 170 of 1971 for the purpose of calling attention to the fact that although the legislature has seen fit to permit the conversion of sick leave to membership service, it has not taken similar action with regard to annual leave, also a matter which addresses itself to the legislature and not to the courts.
In pertinent part, R.S. 33:2298 reads as follows:
"No benefits, pensions, annuities, or refunds shall ever be made from the fund for any reason whatsoever, except in strict conformity with the provisions and requirements of this Sub-part." LSA-R.S. 33:2298.
The "Sub-part" referred to in the above quotation is all of that part of the revised statutes dealing with the Police Pension Fund for the Police Department of the City of New Orleans.
*298 Under LSA-R.S. 33:2294 the police pension or annuity requires years of "active service"; and LSA-R.S. 33:2286 provides for the 5% deduction for pension or annuity purposes only from "salaries". Consequently, since the Board is prohibited from making any payments from the pension fund for any reason except in strict conformity with the Sub-part, since Major Spann had no service with the department after September 3, 1969, and since there is no legal provision for the application of accrued annual leave for pension purposes, the Board would have acted improperly if it had agreed to pay Major Spann a pension based upon 23 years service.
For the reasons assigned, the March 22, 1971 judgment appealed from, which commanded the Board of Commissioners of the Police Pension Fund for the City of New Orleans to accept payments to the pension fund from relator, John J. Spann, Jr., for the period up to October 3, 1969, and to pay him pension benefits on the basis of 23 years service, is reversed and it is now ordered that there be judgment dismissing the demand of the said John J. Spann, Jr. for pension benefits on the basis of 23 years service. All other judgments appealed from are affirmed.
Reversed in part; affirmed in part.
GULOTTA, J., dissents with written reasons.
GULOTTA, Judge (dissenting).
I respectfully dissent from that part of the majority opinion which concludes that Major Spann is not entitled to pension benefits based on 23 years of active service with the Police Department. Spann's separation from service, in my opinion, was effective the date he received his last check for accrued annual leave. This date is subsequent to his anniversary date for 23 years of service (October 3, 1969). Accrued annual leave is a part of one's service whether this leave is taken during the course of that service or immediately prior to departure.
It is significant also that Spann received a uniform allowance on September 19, 1969, subsequent to the effective date of the resignation, which, according to the majority view, is September 3, 1969. Furthermore, the policy of the appointing authority is not to fill the position while compensation for the accrued annual leave is being paid.
Accordingly, I am of the opinion that Major Spann is entitled to receive pension benefits based on 23 years of service.