EUGENE E. LEON, Jr., Judge Pro Tem.
This is a mandamus proceeding by retired police officers to compel the City Board of Trustees of Police Pension Fund to accept 5% of wages paid them for work over and above 40 hours per week, but not to exceed 48 hours per week and to compel defendant Board to increase pension benefits to each in accordance with higher deductions.
An alternative writ was issued and a return day was set.
The defendant Board filed an Exception of No Cause of Action, which the trial Judge rightfully referred to the merits.
After the trial on the merits, the trial Judge rendered judgment in favor of rela-tors, Charles E. Coglaiti and Edwin J. Coglaiti, making the alternative writ of mandamus peremptory commanding the Board of Trustees of the Police Pension Fund for the City of New Orleans to accept payment from each relator of 5% wages paid over and above 40 hours per week, but not to exceed 48 hours per week, exclusive of compensation received in the way of customary sporadic overtime pay, in court pay and holiday pay, as provided for in L.S.A.R.S. 33:2286 for the period from January 3, 1965 until October 1, 1968; and further ordered the defendant Board to increase the pension benefits and payments to the relators, in accordance with L.S.A.R.S. 33:2286.
The defendant Board prosecuted this appeal.
Two retired police officers of the City of New Orleans Police Department, Edwin J. Coglaiti and Charles E. Coglaiti, brought this mandamus proceeding against the Board of Trustees of the Police Pension Fund for the City of New Orleans seeking to compel the defendant Board to accept from each of them 5% of the wages paid him over and above forty hours per week, but not to exceed forty-eight hours per week exclusive of compensation received by him by way of customary overtime, and to compel the defendant Board to increase the pension benefits and payments to each in accordance with L.S.A.R.S. 33:2286 et seq.
By Act 307 of 1960 the Legislature of the State of Louisiana created a pension fund for the New Orleans Police Pension Fund; that said Board is composed of, the Superintendent of Police, Commissioner of Finance, the Secretary to the Superintendent of Police and six (6) members from the active or retired ranks of the Police Department.
*559 On December 31, 1964, a directive was issued by the Office of the Superintendent of Police, addressed to all bureaus, districts and divisions, which recited in part:
“. . . a 40 hour week for all personnel previously working a longer schedule of hours will be effective with the first platoon of all bureaus, districts and divisions on Sunday, January 3, 1965. In order to carryout the necessary performance of basic duties of the department, it will be mandatory for field personnel in bureaus designated by the Superintendent of Police to work eight additional hours each week . . . ”
The record clearly shows that after the Superintendent’s directive, each of the rela-tors did, in fact, work eight hours a day, six days a week and that from January 3, 1965, the effective date of the Superintendent’s directive, through the date of their retirement, Edwin J. Coglaiti retired on June 26, 1970 and Charles E. Coglaiti retired on June 9, 1970, they were compelled to work forty-eight hours a week, besides the traditional overtime.
In Vogt v. City of New Orleans, La.App., 208 So.2d 420, the Court held:
“Overtime, within the meaning and scope of R.S. 33:2286, is, in our opinion, an incident which occurs at irregular and unplanned intervals, and does not constitute a mandatory, continuing event.” Followed in: State of Louisiana ex rel. Walters et al. v. Board of Trustees of Police Pension Fund for City of New Orleans, La.App., 229 So.2d 353.
Relators, Edwin J. Coglaiti and Charlps E. Coglaiti were ordered by their commanding officer to work forty-eight (48) hours per week, besides traditional overtime. The forty-eight (48) hour week, which they were ordered to work, is not an incident which occurs at irregular and unplanned intervals. Therefore, relators do come within the providence of the Superintendent of Police’s directive.
The judgment is affirmed.