Dear Representative Accardo:
You have requested an opinion, on behalf of your constituent, Danny R. Laird, with regard to whether:
 1. Amendments to Act 19 of 1964 (which created the Kenner Fireman's Pension and Relief Fund), concerning the determination of monthly retirement benefits, are applicable to a member who was hired and joined the Fund in 1972 prior to the adoption of these amendments; and
 2. A lump sum payment which has been received in settlement of a worker's compensation claim, can be applied against monthly disability benefits collected by the injured employee under the Kenner Fireman's Pension and Relief Fund.
As to Mr. Laird's first question, I understand that he was hired by the Kenner Fire Department in September of 1972 at which time he became a member of the Kenner Fireman's Pension and Relief Fund. Mr. Laird will be eligible for retirement in September of 1992.
Act 19 of 1964, which created the Kenner Fireman's Pension and Relief Fund, previously provided, after written application to the board of trustees of the Fund, any member serving for twenty years:
 . . . shall be retired from the service in said fire department and shall be paid a monthly sum equal to sixty-six and two-thirds per cent of the monthly salary of the active member of said fire department holding the position corresponding to that held by the beneficiary at the time of his retirement, and an additional amount equal to one per cent of such salary for each year of service after said member has reached the age of fifty years and after he shall have served twenty years; provided, however, that the maximum benefit shall not exceed seventy-five per cent of said salary.
This provision was most recently amended in 1989 by Act 765 and again in 1991 as LSA-R.S. 11:3261(3)(A). The determination of monthly retirement benefits for a member who joined the Fund prior to April 1, 1978 is now based on the following percentage table:
Years Served Percentage
 20 to 24 66 2/3% 25 to 29 75% 30 and above 85%
The appropriate percentage is multiplied by the member's average monthly compensation. Average monthly compensation is defined by LSA-R.S. 11:3262 F. as:
 The average monthly salary of a member, excluding bonuses, for the period of the last thirty-six successive months of service in the fire department.
A member's retirement benefits are determined by the law which is in effect at the time the member/retiree begins receiving retirement benefits. State Ex Rel. Murray v. Board of Trustees of Police Pension Fund for the City of New Orleans, 259 So.2d 613 (La.App. 4th Cir. 1972). Thus, Mr. Laird's monthly retirement benefits will be determined under LSA-R.S. 11:3261 as it exists at the time he retires, presumably in September, 1992.
In State Ex Rel. Murray, supra, the court addressed the rights of two police officers to assert an increase in pension fund benefits available to them. Citing Bowen v. Board of Trustees for the Police Pension Fund, 76 So.2d 430 (La.App. Orleans, 1955), the
Murray court held that:
 Before their retirement the right of the plaintiffs to participate in the pension fund was inchoate and subject to modification . . .
 The jurisprudence is clear that plaintiffs' interest in the pension and their right to benefit payments thereunder is in the nature of vested rights in the fund once they became eligible to and did retire under the pension fund provisions. p. 615.
Therefore, it is the opinion of this office that a member's retirement benefits under the Kenner Fireman's Pension and Relief Fund should be determined by the law in effect at the time the member/retiree retires.
Mr. Laird's second question concerns the off-set of his worker's compensation settlement against the monthly disability payments which he is receiving. Again, the Kenner Fireman's Pension and Relief Fund law has been amended since the time Mr. Laird became a member.
LSA-R.S. 11:3261(1)(b) provides as follows:
 If the member receives a lump sum settlement benefits under the Louisiana Worker's Compensation Act, the amount of such benefit shall be applied against the sum payable under this Section 12(1) on an equitable basis.
Though neither the date of the Worker's Compensation settlement, nor the actual date of the injury causing Mr. Laird's disability are clear, it appears from the documents included with your request that these events occurred after the 1981 amendment. Therefore, under these circumstances, it is the opinion of this office that Mr. Laird's monthly disability benefits should be reduced on an equitable basis in accordance with the provisions of the Kenner Fireman's Pension and Relief Fund, LSA-R.S. 11:3261(1)(b).
Trusting this to be sufficient for your purposes, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb 0574l